UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| M.B. III, a minor, by and through his Guardian Ad Litem, TITICE BEVERLY, individually and as Successor in Interest and Personal Representative of the Estate of MILTON BEVERLY, JR., <br><br>Plaintiffs, <br><br> v. <br><br> CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, DAVID BAUGHMAN, individually and in his official capacity as Warden of California State Prison-Sacramento; Sergeant TODD MANNES, individually and in his official capacity as a correctional officer and supervisor at California State Prison-Sacramento; KYLE MOHR, individually and in his official capacity as a correctional officer at California State Prison-Sacramento; ANDREW BALLARD, individually and in his official capacity as a correctional officer at California State Prison-Sacramento, MICHAEL MUNROE, individually and in his official capacity as a correctional | No. 2:17-cv-2395 WBS DB <br><br><br> ORDER RE: MOTION FOR RECONSIDERATION & MOTION TO DISMISS |

1

| | |
|---|---|
| 1 | officer at California State-Prison Sacramento; STACY VUE, individually and in her official capacity as a correctional officer at California State Prison-Sacramento; and DOES 2, 3, 4, 5, and 10, |
| 2 | |
| 3 | |
| 4 | |
| 5 | Defendants. |

----oo0oo----

Before this court is a motion for reconsideration (Docket No. 45) brought by defendant California Department of Corrections and Rehabilitation ("CDCR") and a motion to dismiss (Docket No. 48) brought by defendants Todd Manes, Kyle Mohr, Andrew Ballard, Michael Munroe, and Stacy Vue ("individual defendants").

I. Motion for Reconsideration

In its prior order (Docket No. 43) on a motion to dismiss brought by defendants David Baughman and CDCR, the court previously described the parties and the factual and procedural background to this lawsuit. In that order, the court denied the motion to dismiss as to plaintiff's claim for the failure to summon medical care claim, California Government Code §§ 844.6 and 845.6, against CDCR.

Upon reconsideration, the court grants CDCR's motion and will dismiss the claim for the failure to summon medical care against CDCR. See Riggle v. State of Cal., 577 F.2d 579, 585 (9th Cir. 1978) (holding that the California did not waive its Eleventh Amendment immunity in federal court by enacting the California Tort Claims Act); Allen v. Cal. Dep't of Corr. & Rehab., No. 1:09-cv-0767 AWI GSA, 2009 WL 4163510, at *3 (E.D.

Cal. Nov. 23, 2009), adopted by No. 1:09-cv-0767 AWI GSA, 2009 WL 5197855 (E.D. Cal. Dec. 23, 2009) (finding that CDCR was immune under the Eleventh Amendment to a pendent state law claim under California Government Code § 845.6). See also Kirchmann v. Lake Elsinore Unified Sch. Dist., 93 Cal. App. 4th 1098, 1103 (4th Dist. 2000) ("Tort actions may be brought against the state or its agencies in state court under the California Tort Claims Act (Gov. Code, § 810 et seq.) but may not be brought in federal court, because the consent to suit contained in the act (Gov. Code, § 945) is not a waiver of Eleventh Amendment immunity.").

II. Motion to Dismiss

    A. Legal Standard

On a Rule 12(b)(6) motion, the inquiry before the court is whether, accepting the allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor, the plaintiff has stated a claim to relief that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

    B. Discussion

Individual defendants now seek to dismiss all claims against them on the following grounds: (1) plaintiffs fail to allege sufficient facts to state a 42 U.S.C. § 1983 claim against the individual defendants; (2) plaintiffs' state law claims fail

3

to allege sufficient facts to state cognizable claims; (3) the individual defendants are entitled to qualified immunity on plaintiffs' federal cause of action; (4) the individual defendants in their official capacities are entitled to Eleventh Amendment immunity; and (5) plaintiffs' state law claims are barred by statutory immunities.

### 1. Section 1983 Claims Against the Individual Defendants

Plaintiffs allege that the individual defendants are liable for acting with deliberate indifference toward decedent's serious medical needs and safety. Plaintiffs also allege that defendant Manes is liable as a supervisor.

#### a. First Claim: Individual Liability

To state a claim under 42 U.S.C. § 1983 for a violation of the Eighth Amendment based on inadequate medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotations omitted). "A heightened suicide risk or an attempted suicide is a serious medical need." Conn v. City of Reno, 591 F.3d 1081, 1095 (9th Cir. 2010), cert. granted, judgment vacated sub nom. City of Reno, Nev. v. Conn, 563 U.S. 915 (2011), and opinion reinstated, 658 F.3d 897 (9th Cir. 2011). To be deliberately indifferent, "[a] defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need." McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir.

1997). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

The Third Amended Complaint ("TAC") alleges that defendants knew or had reason to know of decedent's need for intensive medical care because of his prior suicide attempts while in custody, including one which occurred while decedent was in custody at a CDCR facility, his participation in the Mental Health Service Delivery System, and his past placement in a segregated unit. (TAC ¶¶ 28, 44, 77.) Plaintiffs further allege that decedent's sister notified California State Prison-SAC in writing that she feared decedent's condition was getting worse. (Id. ¶ 25.) Plaintiffs claim that each individual defendant was either charged with supervising and/or monitoring the area in which decedent was housed on the day of his death and failed to perform periodic "cell checks" on decedent's prison cell as required by prison policy or procedure.[1] (Id. ¶¶ 13-16, 26.) Further, plaintiffs allege that defendants had ongoing knowledge of California's prison system's failure to provide medical care to the mentally ill. (Id. ¶ 16.)

Under section 1983, plaintiffs must demonstrate that each named defendant personally participated in the deprivation of decedent's rights. See Henry A. v. Willden, 678 F.3d 991,

---

[1] Plaintiffs allege that written policy, procedure, and practice require that corrections officers personally observe inmates on a regular schedule and not less than once per hour, and that suicidal inmates should be observed more frequently. (Id. ¶ 26.)

5

1005 (9th Cir. 2012). The court previously found that the TAC did not allege any facts about what defendant Baughman specifically knew or should have known. (Order Re: Mot. to Dismiss at 8.) Similarly, the TAC contains no facts for what each individual defendant specifically knew or should have known as compared to other defendants. Thus, "the complaint falls short in some places [] tying its factual allegations to particular defendants." Id.

Furthermore, there are no factual allegations detailing how each individual defendant would have learned about decedent's previous suicide attempts or past placements. Plaintiffs do not allege that information about decedent was contained in records that each defendant was provided with, nor do they allege that each defendant personally learned about decedent's sister's communications with the prison. Plaintiffs cannot simply rely on the fact that the individual defendants were responsible for directly monitoring decedent, as plaintiffs must show that defendants were personally aware of decedent's suicidal tendencies. See Simmons v. Navajo Cty., 609 F.3d 1011, 1020 (9th Cir. 2010) (denial of medical care inquiry is focused on what the defendants personally knew about decedent's suicide risk).[2]

---

[2] Plaintiffs argue that defendants knew or should have known about decedent's mental illness because they observed decedent being offered medication and transported to prison healthcare facilities. Even if these allegations were detailed in the complaint, they are insufficient to establish that defendants knew of, and disregarded, decedent's serious medical need: a heightened suicide risk. These allegations do not indicate that the individual defendants knew that the medication or healthcare appointments were related to decedent's mental illness.

6

Plaintiffs' allegation that the individual defendants failed to a perform a "cell check" on decedent's cell the day of his suicide is insufficient on its own to establish liability. Incarcerated individuals do not have a clearly established constitutional right "to the proper implementation of adequate suicide prevention protocols." Taylor v. Barkes, 135 S. Ct. 2042, 2044 (2015). Rather, to establish deliberate indifference for Eighth Amendment purposes, relevant Ninth Circuit precedent requires that plaintiffs show that the defendants were subjectively aware of the risk of harm. Conn, 591 F.3d at 1096. As explained above, plaintiffs have not alleged sufficient facts to establish the individual defendants' subjective awareness of the decedent's medical needs.

Accordingly, the court will dismiss plaintiffs' first cause of action against Manes, Mohr, Munroe, Vue, and Ballard.

b. Second and Third Claims: Supervisory Liability

A supervisor may be held liable under section 1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

The court dismisses plaintiffs' supervisory liability

claim against Manes for similar reasons that it dismissed those claims against Baughman.  (See Order Re: Mot. to Dismiss at 10-11.)  Plaintiffs have not alleged facts that show that Manes was aware of decedent's specific medical needs; directed, participated in, or knew that his subordinates were deliberately indifferent to decedent's medical needs; or that his failure to train or supervise his subordinates specifically caused the alleged constitutional deprivation: inadequate medical care.

Accordingly, the court will grant defendants' Motion to dismiss plaintiffs' second and third causes of action as alleged against defendant Manes.[3]

### 2. State Law Claims

#### a. Fourth Claim: Negligence/Wrongful Death

To state a claim for negligence, plaintiffs must allege: (1) a legal duty to use reasonable care, (2) breach of that duty, (3) proximate cause between the breach and (4) the plaintiff's injury.  Mendoza v. City of Los Angeles, 66 Cal. App. 4th 1333, 1339, (2d Dist. 1998).  Under California law, a jailer has a special relationship with a prisoner that creates a duty of care.  Love v. Salinas, No. 2:11-cv-361-MCE, 2013 WL 4012748, at *15 (E.D. Cal. Aug. 6, 2013) (citing Lawson v. Superior Court, 180 Cal. App. 4th 1372, 1389-90 (4th Dist. 2010); Giraldo v. Dep't of Corr. & Rehab., 168 Cal. App. 4th 231, 240 (1st Dist. 2008)).  Plaintiffs allege that individual defendants had numerous duties to the decedent.

---

[3] Because plaintiffs have not sufficiently alleged that any of the above defendants violated a constitutional right, the court need not decide whether they are entitled to qualified immunity.

8

First, plaintiffs allege that all the individual defendants had a duty to render appropriate medical care and they all failed "to provide antidepressant medication and/or other proper mental health treatment and therapy." (TAC ¶ 68). Because California Government Code § 845.6 immunizes public employees for the failure to obtain medical care except as provided by §§ 855.8 and 856, this allegation will be analyzed with the plaintiffs' fifth cause of action. See Castaneda v. Dep't of Corr. & Rehab., 212 Cal. App. 4th 1051, 1070 (2d Dist. 2013).

Second, plaintiffs argue that all the individual defendants breached their "duty of care to observe, report, monitor, and provide reasonable security regarding Decedent's condition, and failed to prevent his suicide." (TAC ¶ 70). Under California law, "[t]he general rule is that a jailer is not liable to a prisoner in his keeping for injuries resulting from the prisoner's own intentional conduct." Lucas v. City of Long Beach, 60 Cal. App. 3d 341, 349 (2d Dist. 1976). A jailer is not relieved of liability, however, if the inmate's suicide "was reasonably foreseeable or the failure to foresee such act was a factor in the original negligence." Id. at 351. As explained above, plaintiffs have not alleged sufficient facts to show that the individual defendants were aware or had reason to be aware of decedent's suicidal tendencies. Plaintiffs do not sufficiently explain how each defendant would have known about decedent's prior suicide attempts, decedent's sister's letter to the prison,

or decedent's prior placement in a segregated unit.[4]  See Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (a court may not supply essential elements of a claim that were not pled).

Third, plaintiffs allege that defendant Manes failed as a supervisor to implement adequate policies[5] and conduct appropriate investigatory procedures regarding suicidal inmates' medical care.  (TAC ¶¶ 68, 72).  There are no facts from which the court could infer that Manes was aware of or did not adequately investigate his subordinates' alleged failure to monitor and supervise inmates.  Thus, the court is unable to discern what actions Manes allegedly took or failed to take that constituted a breach of duty that he owed to decedent.  See Lapachet v. Cal. Forensic Med. Grp., Inc., No 1:17-cv-1226 DAD EPG, 2018 WL 2564398, at *10 (E.D. Cal. June 1, 2018).  Without facts showing Manes' specific knowledge about the decedent's

---

[4] For the same reason, any negligence claim based on the defendants' failure to conduct a "cell check" fails.  Plaintiffs have not alleged sufficient facts to show that this alleged negligence was the moving force behind a series of events that ultimately led to a foreseeable harm.  See Campos v. County of Kern, No. 1:14-cv-01099 DAD JLT, 2017 WL 915294, at *14 (E.D. Cal. Mar. 7, 2017).  Without those facts, decedent's suicide would be an intervening and superseding cause.  Id. (citations omitted).

[5] Public employees are immune from liability for the failure to adopt or enforce an enactment.  Cal. Gov't Code § 821; see also Taylor v. Buff, 172 Cal. App. 3d 384, 389 (3d Dist. 1985) (holding that defendants, as public employees, were immune for liability despite operating a facility in violation of the minimum standards for local detention facilities under the California Administrative Code).  "Enactment means a constitutional provision, statute, charter provision, ordinance or regulation."  Cal. Gov't Code § 810.6.

10

suicidal tendencies, plaintiffs have not sufficiently alleged that Manes' action or inaction created a foreseeable harm. See Johnson v. County of Los Angeles, 143 Cal. App. 3d 298, 307-08 (2d Dist. 1983) ("The most important policy consideration is the foreseeability of the harm: as a general principle a defendant owes a duty of care to all persons who are foreseeably endangered by his conduct, with respect to all risks which make the conduct unreasonably dangerous.")

Accordingly, plaintiffs' negligence claim against the individual defendants will be dismissed.

### b. Fifth Claim: Failure to Summon Medical Care

Finally, defendants move to dismiss plaintiffs' failure to summon medical care claim under California Government Code Section 845.6[6] against all individual defendants.[7]

Section 845.6 provides that a public employee, acting

---

[6] Plaintiffs do have standing to bring this cause of action. Under California law, a cause of action survives a person's death. Cal. Civ. Proc. Code § 377.20(a). "Where there is no personal representative for the estate, the decedent's 'successor in interest' may prosecute the survival action." Tatum v. City & Cty. of San Francisco, 441 F.3d 1090, 1094 (9th Cir. 2006) (citing Cal. Civ. Proc. Code §§ 377.30, 377.32.). Defendants do not claim that M.B. III, through his Guardian Ad Litem, is not decedent's successor in interest, so plaintiffs have standing to bring this claim. See Campos, 2017 WL 915294, at *5 (finding that a decedent's successor in interest may join any claims that the decedent would have been entitled to file with a wrongful death claim arising out of the same conduct).

[7] For the same reasons given in the court's previous order, defendants cannot claim immunity from liability under section 845.6 for this cause of action. (Order Re: Mot. to Dismiss at 19 n.8.) See also Castaneda v. Dep't of Corr. & Rehab., 212 Cal. App. 4th 1051, 1071 (2d. Dist. 2013) ("[T]he duty to summon is presented as the exception to the broad, general immunity for failing to furnish or provide medical care.").

within the scope of their employment, is liable if the employee knows or should know that the prisoner is in need of immediate medical care and fails to take reasonable action to summon such medical care. See Cal. Gov't Code § 845.6. This section limits that duty to where there is actual or constructive knowledge that the prisoner is in need of immediate care. Id.

To state a claim under section 845.6, plaintiffs must establish that: "(1) the public employee knew or had reason to know of the need (2) for immediate medical care, and (3) failed to reasonably summon such care." Jett v. Penner, 439 F.3d 1091, 1099 (9th Cir. 2006). "A suicidal state is a serious and obvious medical condition requiring immediate care." Johnson v. Baca, No. 13-cv-4496 MMM AJWX, 2014 WL 12588641, at *18 (C.D. Cal. Mar. 3, 2014) (citing Johnson, 143 Cal. App. 3d at 316-17)).

Plaintiffs allege that defendants knew or had reason to know of the need for intensive medical care because of the decedent's prior suicide attempts, participation in the Mental Health Service Delivery System, and the records available to and generated by CDCR indicating that decedent was an immediate threat to his safety. (TAC ¶ 78.) Thus, plaintiffs allege that defendants' failure to provide immediate medical care in the form of adequate monitoring[8] and mental health care proximately caused decedent's suicide. (Id. ¶ 76.)

---

[8] Under California law, defendants as public employees are immune from liability for any injuries resulting from their failure to diagnose or prescribe treatment for decedent's alleged mental illness. Cal. Gov't Code § 855.8(a); see also Estate of Abdollahi v. County of Sacramento, 405 F. Supp. 2d 1194, 1216 (E.D. Cal. 2005) (Damrell, J.) (citation omitted).

However, for the same reasons as previously discussed, plaintiffs have not sufficiently alleged that any defendants personally knew or should have known of decedent's <u>immediate</u> medical need.  Accordingly, the court will grant defendants' motion to dismiss plaintiffs' failure to summon medical care under section 845.6 against all the individual defendants.

IT IS THEREFORE ORDERED that CDCR's Motion for Reconsideration (Docket No. 45) be, and the same hereby is, GRANTED.  The Fifth Cause of Action against CDCR is DISMISSED WITHOUT PREJUDICE.[9]

IT IS FURTHER ORDERED that individual defendants' Motion to Dismiss (Docket No. 48) be, and the same hereby is, GRANTED.  All claims against defendants Manes, Mohr, Munroe, Vue, and Ballard are dismissed.

Plaintiffs have twenty days from the date this Order is signed to file a Fourth Amended Complaint, if they can do so consistent with this Order.

Dated: October 16, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

---

[9] The court expresses no opinion on whether the plaintiffs' claim could properly be brought in a California state court.  See <u>Frigard v. United States</u>, 862 F.2d 201, 204 (9th Cir. 1988).

13